The People *vs.* Henry Bradford and Samuel T. Woolcocks. *Conspiracy.*

If A and B go into the house and store of C and in the presence of his wife, take away the property of C and others, it is a conspiracy although C may be indebted to A and B to a large amount, and is in insolvent circumstances. and no prospect of the debt being paid. The trespass is merged in the misdemeanor.

THE defendants were charged with a conspiracy to defraud J. W. Forbes of two plated candlesticks, and other silver ware, on the 24th of February, 1823. The facts of the case appeared, from the evidence, to be as follows:—The defendants came to the store of the prosecutor, who lives in Broadway, near Wall-street, on the 24th of February, 1823, between 3 and 4 o'clock in the afternoon, and asked Mrs. Forbes if her husband was in. She told them he was not. They seemed to hesitate, as if they thought him in the house. She finally told them he had gone to Mr. Bell's Tavern, at the corner of Pine and Nassau-streets. Mr. Woolcocks went to Bell's, but not finding him, he returned to the house and walked up into the second story, where Bradford and the family were. They asked for a cake of silver which had been left there to be worked up, belonging to them; upon looking for it, Mrs. Forbes found it was mislaid, and for the moment could not find it. After some little time, they told Mrs. Forbes they intended to secure themselves, and took off the sideboard, a sugar dish and milk pot: Bradford pulled off his coat and wrapped the articles up into it, and they both went out of the room. They also took, as they went through the store, two silver candlesticks, the property of Mr. Reddiford, who had left them there to be repaired, telling Mrs. Forbes when they returned, which was within half an hour, that they intended to keep the goods until they were satisfied of their demands against Forbes.

Mrs. Forbes, by the advice of her husband, went to the Police Office the next day and made an affidavit of the facts, upon which a warrant was issued and the defend-

NEW-YORK,   dants bailed for their appearance to answer at the  March
March, 1823. session of this Court.

The People    It appeared, upon the trial, that Forbes was indebted to
vs.
H.  Bradford the defendants for a considerable amount, without a pros-
and   S.   T. pect or a probability of their being paid.
Woolcocks.

It was admitted that Forbes was in the house when the defendants came there, and was denied by his wife ; but it was also proved that she denied them because he was indisposed and was in habits of intemperance.

It was also proved and admitted, that the defendants were men of good character, and of respectable standing in the community.

Upon these facts being admitted and proved, it was the question, whether the acts of the defendants amounted to a conspiracy or not.

*Price,* counsel for the defendants, contended that it only amounted to a trespass: that Forbes was notoriously in insolvent circumstances: that the defendants had been benefactors to the prosecutor and his family, and was, at this moment, largely indebted to them, and which debt it was most probable they would lose: that it could not be construed into a felony : it was done publicly, in the presence of Mrs. Forbes, and family, they were taken to secure themselves,  and, although the taking was illegal, yet it only amounted to a trespass, and that form of action would give the party an adequate remedy, that it could not be construed into felony, or even fraud, to support an indictment for a conspiracy, &c.

*Maxwell, District Attorney,* and *P. C. Van Wyck,* for the people, contended, that if the acts of the defendants did not amount to a felony, it approached it so close, that it was extremely difficult to say what it was ; they went into the house in an unlawful manner, and took an advan-

tage (when Forbes was not in, as they expected) of Mrs. Forbes : they took the property off the sideboard without the consent, and against the express direction, of Mrs. Forbes : they secreted them in their coats, evincing fear and apprehension of being discovered : they took property belonging to a stranger, who had left it there to be repaired. That it was not necessary the act should be felony to sustain this prosecution, and that whether felony or not, it certainly amounted to more than a trespass, that if conduct of this kind was permitted, no man's property would be safe, a creditor might, at any time, come into the house of his debtor and carry away his goods, and so effectually destroy all right of, and security to, persons and property.

NEW-YORK,
March 1823.

The People
*vs.*
Hn'y Bradf'rd
and S. T.
Woolcocks.

The Court decided, that whether the act of the defendants was a trespass, fraud, or felony, was a question to be left to the jury ; they were, in a criminal case, not only judges of the law, but also of the fact ; that if the jury were of opinion the conduct of the defendants amounted to a fraud, it was sufficient to sustain the indictment, and that it was not necessary to prove it. It might be inferred from the circumstances of the case, as in murder, malice was an essential ingredient of the crime, yet the law often inferred malice, and it was unnecessary to prove it. So, also, in forgery, it is necessary to lay the act as done to defraud some person ; yet upon the commission of the crime, the law raises a presumption that it was done for the purpose of defrauding, and the court referred to Dodd's case. So, also, in robbery, it was necessary to allege in the indictment, that it was done by putting in fear, yet it was unnecessary to prove it, for the law presumed it under certain circumstances. And in a conspiracy to defraud, after the unlawful taking is proved, the in-

NEW-YORK,
March 1823.

The People
*vs.*
Hn'yBradf'rd
and S. T.
Woolcocks.

tent to defraud is presumed, and it lays upon the defend-
ants to repel that presumption.* The Court also adverted
to the dangerous tendency the doctrine the defendants
counsel had contended for would have; the right of prop-
erty would be no longer secure; the creditor might seize
his debtor's property when and where he choose, and
would only be answerable in an action of trespass or case,
as the circumstances might be.

The Jury retired for a short time, and returned with a
verdict of guilty, against the defendants.

*Note.—For the doctrine relating to conspiracy, see the case of Trequier
and others, (ante. page 109,)and the authorities there referred to.

The American decisions upon this point are herein enumerated.

A. and B. were indicted for a conspiracy to defraud C.; B. was acquitted,
and the jury being unable to agree on a verdict whether A. was guil-
ty or not, the Court, against the consent of A. ordered a juror to be
withdrawn, and the jury discharged. It was held that the Court
may, in their discretion, in a criminal case, discharge a jury when
they cannot agree on a verdict, against the consent of the prisoner,
who may be brought to trial again in a capital offence. Johns. Cas.
p. 301.

Three prisoners were indicted for a conspiracy, and before the trial one
died; another was acquitted; held that the third might be tried and
convicted. Ibid.

A. and B. being indicted for a conspiracy to defraud C. the jury found a
verdict that there was an agreement between A. and B. to obtain mon-
ey from C. but with an intent to return it again. This was held not
to be a verdict of acquittal, or a verdict on which any judgment could
be given. Ibid.

It seems that in an action on the case in the nature of conspiracy; it is
not necessary to declare that the conspiracy was without probable
cause. But, on error, the Court will presume, when the verdict
is for the plaintiff, that probable cause was shown. 1 Binney, 172.

NEW-YORK,
March 1823.

The People
vs.
Hn'y Bradf'rd
and S. T·
Woolcocks.

A combinationi s a conspiracy in law, whenever the act to be done has a necessary tendency to prejudice the public, or oppress individuals, by unjustly subjecting them to the power of the confederates, and giving effect to the purposes of the latter, whether of extortion or mischief.

Every association is criminal whose object is to raise or depress the price of labor beyond what it would bring if it were left without artificial incitement. Journal of Jurisprudence, p. 225.

Proof of an overt act by one, in pursuance of a conspiracy by several, is sufficient to convict all. It is not necessary in an indictment for a conspiracy to defraud by means of false pretences, &c., to charge the actual defrauding of any one, if the act is laid to be done for the purpose of defrauding. Serg. & R. p. 220. An indictment charging a conspiracy to defraud by means of false pretences, and false, illegal, and unauthorized writing, in the form and similitude of bank notes which were of no value, and purported to *have been* promissory notes, and to have been signed &c., and stating the overt act to consist in passing a note, purporting to be a note, a bank note, and to *have been* signed, &c., is good. Ibid.

On an indictment for a conspiracy in enveigling a young girl from her mother's house, and reciting the marriage ceremony between her and one of the defendants, a subsequent carrying her off, with force and threats, after she had been relieved on a habeas corpus, was allowed to be given in evidence. 2 Yates, p. 114.

Words used by one man, are not evidence against another, unless they are proved to be engaged in a common enterprise; in such case they are evidence, though not conclusive. 3 Serg. and R. 9.

The gist of a conspiracy is the unlawful confederacy to do an unlawful act, or even a lawful act for an unlawful purpose. The offence is complete when the confederacy is made; and any act done in pursuance of it, is no constituent part of the offence, but merely an ag⌐

NEW-YORK,
March 1823.

The People
*vs.*
H'nyBradf'rd
and S. T.
Woolcocks.

gravation of it. 2 Mass. Rep. p. 329—536: vol. 6, p. 74: vol. 9, page 415.

A conspiracy with intent to defraud whoever can be defrauded. without having any particular persons in view, is an indictable offence. Ibid.

A conspiracy to charge any person with a crime, and, in pursuance of the conspiracy, falsely to affirm that he is guilty, without procuring or intending to procure any indictment, or any process, civil or criminal, against such person, is an indictable offence. 2 Mass. Rep. 536.

A conspiracy to commit a felony or misdemeanor, if the felony or misdemeanor be in fact committed in pursuance of the conspiracy, cannot be punished as a distinct offence. 5 Mass. Rep. 106.

Where, on an indictment for a conspiracy to cheat a person out of his property, the guilt of one of the conspirators, as to the fraudulent design, was clearly proved, evidence that the other conspirator was present at the time the fraudulent design was carried into execution, and that he received a part of the property, and sold it under a fictitious name, was considered sufficient for the jury to infer from it, that he was an associate and confederate in the fraud by which it was obtained. Ibid. City Hall Rec. vol. 3, p. 60.

A conspiracy implies illegality, and though usual, it is unnecessary to allege, in an indictment for that offence, that the conspirators unlawfully conspired. City Hall Rec. vol. 5, p. 112.

For several persons to agree, and bind themselves together by bond or covenant, to do or not to do that which if done, or not done, would injure an individual or individuals, in person, property, or reputation, is a conspiracy. Ibid. vol. 6, p. 33.

In conspiracy, accumulative testimony may be introduced. Ibid. p. 43.